UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08CV143 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

George W. Dawson seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons set forth below, I will deny the motion.

## Background

On March 15, 2007, Dawson was charged with being a convicted felon in possession of a firearm in a two-count indictment. Case No. 1:07CR46 CDP. The two counts arose from incidents occurring on April 14, 2002 and November 19, 2006, in New Madrid County, Missouri. At the time of the indictment, Dawson was serving a state-court sentence for unlawful use of a firearm arising from the April 14, 2002 event. On May 14, 2007, Dawson pled guilty to Count II of the indictment. Under the plea agreement, the Government agreed to dismiss Count I, the count related to the criminal activity on April 14, 2002. Both parties agreed to waive their right to appeal the sentence so long as I followed their

recommendations about the sentencing guidelines and imposed a sentence within the advisory guidelines range resulting from their recommendations. Dawson also waived his right to file a §2255 motion, except for claims of ineffective assistance of counsel.

The Presentence Investigation Report ("PSR") provided that Dawson's base offense level was 22 under U.S. Sentencing Guidelines § 2K2.1(a)(3)(A)(I). This section applied both because Dawson had a prior conviction for Unlawful Use of a Weapon, a crime of violence (arising from the April 2002 event), and because the instant offense (arising from the November 19, 2006 event) involved a semiautomatic firearm capable of accepting a large capacity magazine. After a three level-reduction for acceptance of responsibility, the total offense level was 19. Dawson's criminal history category was IV, and that included 3 points for the 2002 unlawful use of a weapon conviction. Dawson's sentencing range under the advisory guidelines was 46 to 57 months imprisonment. Dawson did not object to the PSR.

I sentenced Dawson to 46 months imprisonment, the low end of the guidelines range, and ordered that the sentence "run concurrent with any undischarged term of imprisonment in New Madrid County case 02CR752816-01."[1] Dawson did not appeal.

---

[1] Dawson's original conviction relating to the April 14, 2002 unlawful use of a weapon resulted in a term of probation. His probation was revoked twice, with the most recent revocation occurring when he committed the November 19, 2006 crime.

On September 8, 2008, Dawson filed this Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. His claim for relief states:

> 1/23/06 defendant was sentenced to 3 years imprisonment on a state offense of unlawful use of a weapon with an offense date of 4/14/02. While serving that sentence he was federally indicted for being a felon in possession of a firearm with an offense date of 11/19/06, subsequently entered a plea of guilty thereto and on 8/27/07 was sentenced to 46 months, to run concurrent with the undischarged portion of the state offense. The defendant's federal base offense level was based, in part, on relevant conduct for the prior state conviction as a "crime of violence." Defendant is thus entitled to credit on the federal sentence for the time he had already served on the state sentence being from 1/23/06 to 8/27/07.

## Discussion

A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (no hearing required where claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotation marks and citations omitted); *See also Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993); *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989). Because the records conclusively show that Dawson is not entitled to relief as a matter of law, I need not hold an evidentiary hearing.

Dawson waived his right to bring this motion. In his plea agreement, Dawson waived his right to bring a motion for post-conviction relief, except for

claims of ineffective assistance of counsel. Dawson has not alleged ineffective assistance of counsel. Waivers such as this are valid and enforceable. *See DeRoo v. United States*, 223 F.3d 919, 923-25 (8th Cir.2000). Dawson's waiver was knowing and voluntary, and this is a sufficient basis for me to deny the § 2255 motion.

Dawson's claim is also procedurally barred, because the issue is one that could have been raised on direct appeal, but was not. A § 2255 motion is not a substitute for a direct appeal. *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir.1993). "[O]rdinary questions of guideline interpretation not raised on direct appeal do not present cognizable § 2255 claims." *U.S. v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000) (citing *United States v. Auman*, 67 F.3d 157, 160-61 (8th Cir. 1995)). While § 2255 does provide relief for cases in which "the sentence was in excess of the maximum authorized by law," that provision applies to sentences in excess of the statutory maximum, rather than "garden-variety Sentencing Guideline application issues." *Auman*, 67 F.3d at 161. Dawson failed to raise the claim in a direct appeal, and so he may not raise it by way of a § 2255 motion.

Finally, the claim fails on the merits in any event. Dawson's presentence report correctly applied the guidelines, and his federal sentence was correctly ordered to run concurrently to only the *undischarged* part of his state court sentence. While U.S.S.G. § 5G1.3(b) allows the Court to "adjust" (i.e., reduce) a

sentence when the defendant is serving an undischarged term of imprisonment for a prior conviction that was "relevant conduct to the instant offense of conviction," that section does not apply to Dawson's case. The 2002 crime was not relevant conduct for the 2006 crime. Application Note 2(B) to U.S.S.G. § 5G1.3 specifically excludes situations like Dawson's, where the prior conviction was used to increase the base offense level under §2K2.1, which is what happened here. And if what Dawson is attempting to argue is that he was serving a term of imprisonment for a state conviction based on the 2006 crime, he is simply incorrect. He was completing his sentence for the 2002 crime, although that sentence was extended because of his recidivism in committing the 2006 crime. The § 2255 claim would fail on the merits even if it had not been waived and even if it were not procedurally barred.[2]

As Dawson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

---

[2]And if, somehow, Dawson thinks he could save the claim by arguing ineffective assistance of counsel, he could not, because counsel is not ineffective for failing to raise a meritless claim.

**IT IS HEREBY ORDERED** that the motion of George W. Dawson to vacate, set aside or correct his sentence [#1] pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Dawson has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE

Dated this 4th day of January, 2010.